**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Navajo Arts & Crafts Enterprise,<br><br>    Plaintiff,<br><br>v.<br><br>Barbara A McGough,<br><br>    Defendant. | No. CV-17-08239-PCT-DLR<br><br>**ORDER** |

Before the Court is Plaintiff/Counterdefendant Navajo Arts & Crafts Enterprise's ("NACE") motion to dismiss counterclaims, which is fully briefed. (Docs. 16, 18, 19.) Neither party requested oral argument. For reasons stated below, the motion is granted.

**I. Background**

NACE is a Navajo Nation enterprise that sells Native American arts and crafts in Arizona and New Mexico. In July 2008, NACE and Defendant/Counterclaimant Barbara McGough entered into a Temporary Employment Agreement whereby NACE hired McGough as its acting CEO. In August 2009, NACE and McGough terminated the Temporary Employment Agreement and entered into a new Employment Agreement whereby NACE again hired McGough as its CEO. In July 2017, NACE terminated McGough's employment.

On November 14, 2017, NACE filed a complaint asserting five claims against McGough: breach of contract, common law fraud, conversion, unjust enrichment, and

breach of fiduciary duty. (Doc. 1.) On January 10, 2018, McGough filed an answer and counterclaim asserting three causes of action: breach of contract, wrongful termination, and defamation. (Doc. 11.) NACE moves to dismiss the counterclaims on the basis of tribal sovereign immunity pursuant to Federal Rule of Civil Procedure 12(b)(1), which allows a party to raise lack of subject-matter jurisdiction in a motion to dismiss. *See Pistor v. Garcia*, 791 F.3d 1104, 1111 (9th Cir. 2015) ("Although sovereign immunity is only quasi-jurisdictional in nature, Rule 12(b)(1) is still a proper vehicle for invoking sovereign immunity from suit.").

**II. Discussion**

Native American tribes "have long been recognized as possessing the common-law immunity from suit traditionally enjoyed by sovereign powers." *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 58 (1978). "As a matter of federal law, an Indian tribe is subject to suit only where Congress has authorized the suit or the tribe has waived its immunity." *Kiowa Tribe of Okla. v. Mfg. Techs., Inc.*, 523 U.S. 751, 754 (1998). Tribal sovereign immunity "applies to the tribe's commercial as well as governmental activities."[1] *Miller v. Wright*, 705 F.3d 919, 923 (9th Cir. 2013) (internal quotation and citation omitted). The immunity covers commercial activities "even when they take place off Indian lands." *Mich. v. Bay Mills Indian Cmty.*, 134 S.Ct. 2024, 2031 (2014).

Both congressional abrogation and tribal waiver of sovereign immunity must be clear and unequivocally expressed, and cannot be implied. *Santa Clara Pueblo*, 436 U.S. at 58; *C & L Enters., Inc. v. Citizen Band Potawatomi Indian Tribe of Okla.*, 532 U.S. 411, 418 (2001). Furthermore, "[t]he Supreme Court has repeatedly declared a presumption favoring tribal sovereign immunity." *Demontiney v. U.S. ex rel. Dep't. of Interior, Bureau of Indian Affairs*, 255 F.3d 801, 811 (9th Cir. 2001). "Initiation of a lawsuit necessarily establishes consent to the court's adjudication to the merits of that particular controversy." *McClendon v. U.S.*, 885 F.2d 627, 630 (9th Cir. 1989). A tribe

---

[1] "Tribal sovereign immunity . . . extends to arms of the tribe acting on behalf of the tribe." *White v. Univ. of Cal.*, 765 F.3d 1010, 1025 (9th Cir. 2014). There are multiple factors that determine whether a tribal enterprise functions as an arm of the tribe. *Id*. That NACE is an arm of the Navajo Nation, however, is not disputed.

that initiates litigation, however, does not waive immunity with respect to counterclaims, even compulsory counterclaims, without explicit consent. *See Okla. Tax Comm'n v. Citizens Band Potawatomi Indian Tribe*, 498 U.S. 505, 509 (1991).

Here, Congress has not authorized suit against NACE, McGough's counterclaims do not involve congressional legislation, and NACE has not waived its sovereign immunity, either through explicit waiver or by filing its complaint. Nonetheless, McGough brought three counterclaims against NACE, which NACE argues are barred by tribal sovereign immunity. In response to NACE's motion to dismiss, McGough failed to address or otherwise defend her wrongful termination and defamation counterclaims and therefore has implicitly conceded that dismissal of those counterclaims is appropriate. *See* LRCiv 7.2(i).

McGough defends only her breach of contract claim, arguing it is viable because it sounds in recoupment. Claims for recoupment fall within an established exception to sovereign immunity. *Tohono O'odham Nation v. Ducey*, 174 F. Supp. 3d 1194, 1202 (D. Ariz. 2016). Recoupment "allows a defendant sued by a sovereign to recast an affirmative defense (typically, a set-off, contribution, or indemnity defense) as a counterclaim." *Id.* (citing *Bull v. United States*, 295 U.S. 247, 262 (1935)). A counterclaim sounds in recoupment if it seeks to "defeat or diminish recovery by the sovereign," but does not seek affirmative relief. *United States v. Agnew*, 423 F.2d 513, 514 (9th Cir. 1970). "To constitute a claim in recoupment, a defendant's claim must (1) arise from the same transaction or occurrence as the plaintiff's suit; (2) seek relief of the same kind or nature as the plaintiff's suit; and (3) seek an amount not in excess of the plaintiff's claim." *United States v. Wash.*, 853 F.3d 946, 968 (9th Cir. 2017) (internal quotation and citation omitted). If counterclaims ask the court to do "more than deny th[e] relief the [tribe] seeks, they cannot proceed in recoupment." *Tohono O'odham*, 174 F. Supp. 3d at 1202 (internal quotation and citation omitted).

As pled, McGough's requested relief is outside the scope of recoupment. She specifically requests that the Court "dismiss the Plaintiff's Complaint with prejudice,

enter judgment against NACE and in her favor for damages in an amount to be determined at trial, plus punitive damages, costs, fees, pre- and post-judgment interests, and such other relief that the Court deems just." (Doc. 11 at 16.) Such relief goes beyond the relief the tribe seeks, so the recoupment exception does not apply.

Nonetheless, it is possible that modification to her counterclaim could cure the jurisdictional issue with respect to her breach of contract claim. Although McGough has not requested leave to amend, the Court will grant her an opportunity to file such a motion if she believes her requested relief can be modified to fall within the scope of recoupment. Accordingly,

**IT IS ORDERED** that NACE's motion to dismiss the counterclaim (Doc. 16) is **GRANTED**.

**IT IS FURTHER ORDERED** that McGough may move for leave to amend her counterclaim in a manner that complies with LRCiv 15.1 within **fourteen (14) days** of the date of this order.

Dated this 25th day of June, 2018.

Douglas L. Rayes
United States District Judge